IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO.  19-1377 KG |
| | ) | |
| vs. | ) | |
| | ) | |
| **CHARLES CAMPOLLA,** | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' RESPONSE TO
DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE
AND/OR VARIANCE AND SENTENCING MEMORANDUM (DOC. 33)**

The United States responds to Defendant's motion for downward departure and/or

variance and sentencing memorandum. (Doc. 33). The Court should deny Defendant's request

for a sentence of time served.

## I.    History

On November 4, 2019, Defendant pled guilty to a one-count Indictment:  Possession of a

Firearm and Ammunition While Under a Court Order of Protection pursuant to 18 U.S.C. §

922(g)(8).

Pursuant to USSG § 2K2.1, Defendant's base offense level is calculated at 14. (PSR ¶

14).  Defendant received a four level increase based on USSG § 2K2.1(b)(6)(B) for possessing a

firearm in connection with another felony.  (PSR ¶ 15).  After a total of a three point reduction

for acceptance, Defendant's total offense level is 15.  (PSR ¶¶ 21-23).  Based on Defendant's

total offense level of 15 and his Criminal History Category of I, the resulting sentencing

guideline range is 18 to 24 months. (PSR ¶ 58).

Defendant has filed a sentencing memorandum and is requesting the Court to sentence

him to a time served sentence with two years of supervised release.  (Doc. 33 at 11).

## II.    A Downward Variance from the Advisory Guideline Range, Based on the Factors Set Forth in 18 U.S.C. §3553(a), Is Not Warranted.

After *United States v. Booker,* 543 U.S. 220 (2005) and *Rita v. United States,* 551 U.S. 338 (2007), the Supreme Court left intact all other provisions of the Sentencing Reform Act, including 18 U.S.C. § 3553(a). Section 3553(a) continues to require sentencing judges to take certain factors into account when imposing a sentence, including "the kinds of sentence and the sentencing range established" by the guidelines. 18 U.S.C. § 3553(a)(4). Therefore, the Court has an obligation to craft a sentence that sufficiently accounts for the sentencing factors and objectives outlined in 18 U.S.C. § 3553.

The Court must consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The Court should then fashion a sentence that reflects the seriousness of the offense; promotes respect for the law; and provides just punishment. 18 U.S.C. § 3553(a)(2). The sentence should also adequately deter the defendant from committing further crimes; deter others similarly situated; protect the public from the defendant; and provide necessary education and treatment. *Id.* When formulating its sentence, the court must also avoid unwarranted sentencing disparities between defendants with similar records who have been convicted of similar criminal conduct. 18 U.S.C. § 3553(a)(6).

As noted by the Supreme Court, the Guideline range is the benchmark and starting point for any federal sentence. *Gall v. United States,* 128 S.Ct. 586, 596 (2007). "Before a departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the Guideline." *Koon v. United States,* 518 U.S. 81, 98 (1996); *see also* U.S.S.G. § 1A1.1, Ch. 1, Pt.A, intro. comment. (n.4(b)) ("The Commission intends the sentencing courts to treat each guideline as carving out a 'heartland,' a set of typical cases

2

embodying the conduct that each guideline describes."). "[W]hether the particular case lies within the heartland of similar offenses is a threshold question that a district court must decide when determining whether to grant a departure under the Guidelines." *United States v. Martinez-Barragan,* 545 F.3d 894, 900 (10th Cir. 2008). This type of "heartland analysis is *also* a legitimate part of the district court's analysis of whether to vary from the Guidelines" under 18 U.S.C. § 3553. *Id.* (emphasis in original).

Defendant argues that a departure or variance is warranted based on his aberrant behavior.   (Doc. 33 at 4).  However, the PSR addresses this argument and the United States agrees with the conclusion in the PSR that a departure based on aberrant behavior does not appear to be warranted in this case.  *See* Doc. 29 ¶ 74.

Defendant next argues that given the nature of the charge, a downward departure or variance is warranted.  In the instant case, the Defendant possessed a firearm while under a Court Order by his own admission.  (PSR ¶ 8).   Although Defendant argues that less weight should be given to the fact that he was under a restraining order at the time of the offense because the subjects of the restraining order were his children.  (Doc. 33 at 6).  However, having his own children, who are minors, the subject of a restraining order should be an aggravating factor, not a mitigating factor.  Thus, this factor should not be considered to reduce the Defendant's sentence.

Defendant also argues that his history and characteristics call for a more lenient sentence, stating among other things that he has "a clean record" and "no criminal history."  Doc. 33 at 3, 9.

While the Defendant does not have any criminal convictions, he does have a criminal history of arrests and violations of court orders beginning at age 13 with assault and battery. (PSR ¶ 30).  Defendant had a great deal of criminal activity in 2018.  Specifically, in May of

2018, he was charged with Battery against a Household Member for an incident that involved him strangling Vanessa Rios.  However, the victim recanted her story and charges were dismissed. (PSR ¶ 31).   Also on May 16, 2018, Defendant arrived at the house of his ex-wife and their two sons.  Defendant was in violation of the restraining order against him, and when officers attempted to arrest him, he became aggressive.  (PSR ¶ 32).   On December 4, 2018, Defendant again violated his restraining order, and a warrant for his arrest was issued.  (PSR ¶ 33).   Thus, the Defendant has had numerous contacts with law enforcement, and has also violated a Court Order on at least two occasions.

However, the most compelling reason that the Defendant should be sentenced within his guideline range are the facts of his current case.  A minor called 911 in fear of the safety of her mother, because the Defendant possessed a firearm, was intoxicated and was not leaving the residence after being told to do so by Vanessa Rios.  When officers arrived, Defendant was not only non-compliant, but he pointed a firearm at an officer.  Defendant finally complied after shots were fired by an officer. Given the nature and circumstances of this case, a sentence within the guideline range is warranted.  Nothing about the Defendant's history is so extraordinary as to warrant a variance from the guideline sentence.

A sentence below the advisory guideline range will not reflect the seriousness of Defendants' offense, promote respect for the law, provide just punishment, provide for adequate deterrence, or protect the public from further crimes of the Defendant.  Furthermore, a guideline sentence in the instant matter is necessary in order to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6). There is nothing in this case to warrant a variance to such a disparate sentence. Rather, a sentence within the guideline range will further the important and intrinsically valuable

end of ensuring uniformity. *See e.g., United States v. Kristl,* 437 F.3d 1050, 1054 (10th Cir. 2006) ("[T]he purpose of the Guidelines [is] to promote uniformity in sentencing so as to prevent vastly divergent sentences for offenders with similar criminal histories and offenses." (alteration in original)).

**III.    Conclusion**

For these reasons, the United States respectfully requests that the Court sentence Defendant within the adjusted guideline range of 18-24 months. Counsel for the United States asserts that such a sentence is sufficient, but not greater than necessary, to achieve the goals of 18 U.S.C. § 3553(a).

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

***Electronically filed on 2/4/2020***
MARIA Y. ARMIJO
Assistant United States Attorney
200 N. Church Street
Las Cruces, NM 88011
(575) 522-2304 – Tel.
(575) 522-2391 – Fax

I HEREBY CERTIFY that I electronically
filed the foregoing with the Clerk of the
Court using the CM/ECF system which
will send electronic notification to defense
counsel of record on this date.

/s/
MARIA Y. ARMIJO
Assistant United States Attorney